USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 2 5 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
IN RE AUTHENTIDATE                              :
HOLDING CORP.                                   :
SECURITIES LITIGATION                           :           MASTER FILE
                                                :           05 Civ. 5323 (LTS)
                                                :
This Document Relates To:                       :
 All Actions                                    :
---------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is a motion by Lead Plaintiff Illinois State Board of Investment ("Lead Plaintiff") seeking an order denying distribution of the Net Settlement Funds to certain class members who submitted late claims through their attorney-in-fact, Chicago Clearing Corporation ("CCC"). For the following reasons, Lead Plaintiff's motion is denied.

## BACKGROUND

CCC is the attorney-in-fact for Class Members CCM Master Qualified Fund Ltd. ("CCM") and The Private Trust Company, N.A. ("Private Trust") (collectively, "Late Claimants"), both of which are investment firms. CCC is a company that specializes in helping clients determine whether they have claims to any settlements, and, if a client does have a claim, CCC helps file the documentation necessary to ensure that the claim is paid. (Affidavit of Brian Blockovich ("Blockovich Aff.") ¶¶ 2-3.) In or about December 2011, CCC began conducting an analysis of CCM's historical trade data to determine whether CCM had any securities claims. (Id. ¶ 7.) In order to complete the analysis, CCC sought documents from CCM's fund administrator and primary brokers, a process which CCC represents took months to complete. (Id.)

On May 30, 2012 – after the July 1, 2011, deadline for Class Members to submit a

proof of claim had passed, but before the Court granted Lead Plaintiff's motion for the distribution of funds – CCC submitted three claims to the Court-appointed Claims Administrator, The Garden City Group, Inc. ("Garden City"), on behalf of CCM and Private Trust. One of the three late-filed claims was also deemed deficient for lack of proper documentation. On July 2, 2012, the Court granted Lead Plaintiff's motion for the distribution of funds. On August 16, 2012, CCC submitted documentation curing the deficiency in the remaining proof of claim. Combined, CCC's three claims show $1,958,773.78 in compensable losses.

## DISCUSSION

"[A] district court overseeing [a] settlement distribution has inherent power to accept late claims despite [the] contrary terms of [an] agreement" among the parties. In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987). In determining whether to allow a late claim, the Court must consider "all relevant circumstances surrounding the party's failure to act in a timely manner." In re Oxford Health Plans, Inc., 383 Fed. App. 43, 45 (2d Cir. 2010). The Court may permit late claims where the untimeliness resulted from "excusable neglect." When deciding whether untimeliness is the product of excusable neglect, the Court must consider:

> the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Lead Plaintiff argues that the inclusion of the late claims would prejudice those who filed timely claims by reducing the pro-rata distribution of the Net Settlement Fund from 40% to 24% of each Authorized Claimant's Recognized Claim. That prejudice does not flow

from Late Claimants' untimely filing of their claims; it flows from the conceded fact that the Late Claimants suffered substantial compensable losses. Such prejudice resulting from payout reductions attributable to a more equitable distribution among a larger group of injured parties is not a form of prejudice that warrants denial of recovery to the Late Claimants under the circumstances of this case.

Nor has Lead Plaintiff demonstrated that permitting the claims would cause undue delay or otherwise adversely impact judicial proceedings. To be sure, "a cutoff date is essential and at some point the matter must be terminated." In re Crazy Eddie Sec. Litig., 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (quoting In re Gypsum Antitrust Cases, 565 F.2d 1123, 1127 (9th Cir. 1977). However, "the Second Circuit generally [has] not considered the certainty afforded by a rigid rule to be of paramount importance," and "there is an implicit recognition that late claims should ordinarily be considered in the administration of a settlement" of a complex action. Id. (citing Manual for Complex Litigation (3d Ed. 1995) § 30.47 at 248).

As to the last two factors, which focus on the claimant's conduct and motive, there is no dispute that CCC and Late Claimants acted in good faith. Thus, the only issue is whether the Late Claimants' proffered reasons for tardiness are adequate. CCC represents that the Late Claimants were "stymied from filing their claims on time because of extenuating business circumstances occasioned by the fact that relevant transaction records are, by custom, practice, and regulatory requirement, maintained by third parties." (CCC Memo. at 5-6.) Identifying claims required an analysis of historical trade information, which Late Claimants lacked the resources to conduct. CCM also ran into numerous obstacles trying to obtain necessary documentation from third-parties and was largely unable to do so without the assistance of CCC. These reasons, combined with the lack of prejudice or adverse impact on

judicial proceedings, persuade the Court that the Late Claimants' delay was the product of excusable neglect and that their claims should be permitted.

## CONCLUSION

For the foregoing reasons, Lead Plaintiff's motion seeking an order denying distribution of the Net Settlement Funds to certain class members who submitted late claims is denied. This Memorandum Order resolves docket entry no. 119.

SO ORDERED.

Dated: New York, New York
       January 25, 2013

*/s/ Laura Taylor Swain*
LAURA TAYLOR SWAIN
United States District Judge